UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL BACHEMIN BY AND THROUGH TUTRIX AND NEXT FRIEND ANNA BACHEMIN**

CIVIL ACTION
NO:   22-cv-1976

**VERSUS**

**DDMS, LLC; DDMS OF LOUISIANA, LLC; DDMS OF LOUISIANA NO.2, LLC; DDMS OF LOUISIANA NO.3, LLC AND DDMS OPERATIONS, LLC.**

SECTION: "P" (4)

ORDER AND REASONS

Before the Court is a **Motion to Fix Attorneys' Fees (R. Doc. 31)** filed by the Plaintiff Michael Bachemin ("Bachemin") by and through tutrix and next friend Anna Bachemin as per the Court's order awarding reasonable attorney's fees arising from a Motion to Compel (R. Doc. 20). The Plaintiff seeks an award of attorneys' fees in the amount of $5,271.25. The motion is opposed. R. Doc. 34.

I. **Background**

On January 27, 2023, the Court granted the Plaintiff's Motion to Compel (R. Doc. 20) finding that the Plaintiff was entitled to attorney's fees under Federal of Civil Procedure 37(a) (5). *See* R. Doc. 30. As part of that order, the Court ordered the Plaintiff to file a motion to fix attorney's fees and costs. *Id*. The Plaintiff thereafter filed the subject motion requesting $5,271.25 in attorney's fees for the work associated with having to file their motion to compel. *See* R. Doc. 31.

II. **Standard of Review**

The Supreme Court has specified that the "*lodestar*" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by "… the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar calculation, "...provides an objective basis

on which to make an initial estimate of the value of a lawyer's services." *Id*. Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993). Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id*. However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id*. (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co*., 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co*., 129 F.3d 814, 822 (5th Cir.1997)).

**III.    Reasonable Hourly Rate**

Plaintiff seeks recovery of fees for time expended by Garret DeReus ("DeReus"), Emily Westermeier ("Westermeier"), and the firm's Paralegal for the work performed in pursuit of discovery, and work done in relation to a motion to compel. *See* R. Doc. 31. DeReus's affidavit declares that he is entitled to an hourly rate of $250. *Id*.

However, DeReus does not produce any information as to his qualifications, education, and experience. The only evidence of his qualifications presented are two types of cases where he was previously awarded $200 per hour. *Id*. at 3. He contends he should be awarded a rate of $250.00 an hour. *Id*. at 4. An online search[1] indicates that DeReus is a 2013 graduate of Tulane Law School. DeReus, a lawyer with 10 years of legal experience and specialization in civil rights cases,

---

[1] *See* BizerLaw.com

proposed rate of $250. *See Gilmore v. Audubon Nature Inst., Inc*. 353 F.Supp.3d 499 (E.D. LA 2018).

Additionally, Westermeier's affidavit declares she is entitled to an hourly rate of $225. (R. Doc. 31). Similar to DeReus, Counsel provides little information as to her experience, qualifications, and education. An online search[2] of Westermeier reveals she is a 2014 graduate of John Marshal Law School with 7 years of legal experience and 4 years of specialization in civil rights cases. Westermeier provides two FLSA cases in the Eastern District as evidence of her qualifications to be awarded an hourly rate of $225 in this case. Furthermore, the Plaintiff seeks $75 per hour for the work of the Paralegal which is not contested.

The Defendant contends that the rates charged by the Plaintiff's attorneys exceed the rates available in the New Orleans area, and are therefore unreasonable. Additionally, Defendant states the instant motion does not touch on any novel issues of law, consisted of boilerplate language taken from earlier correspondence in this matter, and Plaintiff provided billing invoices that include internal conferences and correspondence. Further, the Defendant contends the cases offered as evidence of the Plaintiff's attorneys' qualifications for their requested rates deals with FLSA cases and not work in the same area of law as the instant matter. (R. Doc. 34).

Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than the affidavit of the attorney performing the work. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Thus, mere testimony that a given fee is reasonable is not satisfactory of evidence of market rates. *See Hensley*, 461 U.S. at 439 n. 15.

Regarding the rate charged by DeReus, given his 10 year specialist experience in civil rights cases, the court finds his rate of $250 is reasonable. *See Alexander v. Ace American Ins. Co*.,

---

[2] *See* BizerLaw.com.

Civ. A. No. 14-370, 2014 WL 4163756 at *2 (E.D.La. Aug. 19, 2014) (sanctioning $250/hour for attorney with ten years of experience and $200/hour for attorney with four years' experience in a motor vehicle accident case); *Cox. v. Precision Surveillance Org*., Civ. A. No. 13–6600, 2014 WL 1785350 at *2 (E.D.La. May 5, 2014) (sanctioning $275.00/hour for attorney with ten years' experience personal injury case); *Cachov v. Gusman* , 2014 WL 4854737 at *6 ( E.D. La. 2016, La. Sept. 29, 2014) (a civil rights action, awarded $185 for an attorney with 11 years of experience.); *Hobson v. Abe Dev. LLC*, No. 15-1480, 2016 WL 4592170, at *2 (E.D. La. Sept. 2, 2016) (hourly rates of $250 and $275 in civil rights case to lawyers with "roughly ten years of experience").

Westermeier with seven years of experience who is licensed in Illinois and Louisiana. She indicates that for the last four years she has specialized in ADA cases. She seeks a rate of $225 per hour. Westemeier states that five years ago, Honorable Judge Lemelle awarded fees to a client of Ms. Westemeier at a rate of $200/ hour for her work litigating a case under the Fair Labor Standards Act ("FLSA").

However, this is not a FLSA case. Instead, it is a personal injury case arising out of a disability. Westermeier contends that her requested rate is consistent with reasonable increases of rate over time. However, in *Cameron v. Greater New Orleans Fed. Credit Union*, the Court awarded $200/hour for attorneys who had practiced for 5 years but had little experience litigating FLSA cases. *Cameron v. Greater New Orleans Fed. Credit Union, report and recommendation adopted*, 2016 WL 4180977 9, ( E.D. La. Aug. 8, 2016); *see also Alexander v. Ace Ins. Co. A. No. -14-310,* 2014 WL 41637556 ( E.D. La. August 19, 2014) (where the court awarded $200/hour for attorney with four (4) years' experience). Noticeably, Westermeier does not present any case

awarding the requested rate based upon her years of experience. A rate of $200 per hour is reasonable for Ms. Westermeier's given her years of experience.

IV. **<u>Hours Reasonably Spent on Litigation</u>**

In this case, the Plaintiff contends that the hours sought are reasonable, noting his attorneys drafted a nineteen-page motion compel, five-page reply and participated in oral argument before the Court. R. Doc. 31-1. Plaintiff further points out that the motion was largely granted. *Id*. He further contends that in preparing the fee application that he struck and reduced various hours to exercise reasonable billing judgment, and also struck time entries for not only himself, his co-counsel and paralegal. *Id*. The Plaintiff seeks 8.2 hours for DeReus time. R. Doc. 31-1. Westermeier seeks 13.85 hours, and also seeks 1.4 hours for the firm's Paralegal. *Id*. The plaintiff seeks a total of 22.5 hours for the drafting, review, and arguing the motion to compel. *Id*.

Defendant proposes the hours reasonably spent in relation to the motion to compel are excessive and that "Motions to Compel" are rote. R. Doc. 34. Defendants contend the motion does not touch on any novel issues of law or difficult questions given DeReus' experience involving alleged deficiencies of as healthcare provider with a disability. *See D.B. v. Correcthealth East Baton Rouge, LLC,* No. 3:19-cv-00620-JWD-EWD (M.D. La.). The Defendants contend that the numbers submitted by Bachemin are excessive in light of the applicable jurisprudence, and should therefore be dismissed.

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "counsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id*. at 434. Hours that are not properly billed at one's client also are not properly billed to one's adversary. *Id*.

5

The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgement" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246,251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("if there is no evidence of billing judgement, however, then the proper remedy is not a denial of fees, but a reduction of the hours awarded by a percentage intended to substitute for the exercise of billing judgement."). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002) *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White,* 548 U.S. 53 (2006).

The total hours billed equal 23.45 and the amount of fees sought for the motion is $5,271.25. The billing judgment exercised by the Plaintiff totals 1.84 hours. The total hours sought equal 21.61 hours. The record shows that the Motion to Compel was nineteen pages and involved a challenge to the sufficiency of the Defendants' responses to thirteen (13) Request for Production. *See* R. Doc. 20. The Plaintiff also filed a six (6) page reply memorandum to the Defendants' opposition. *See* R. Doc. 28. The Court has reviewed the order on the motion and notes that the motion was well founded and granted. However, the reasonably billed hours are fewer than the hours billed and are detailed below.

1. **<u>Administrative Work</u>**

The paralegal billed for filing a motion, which is an administrative task, on December 13, 2022, December 29, 2022.  *See* R. Doc. 31-2, p. 1-2. Normally, clerical or secretarial costs are part of an attorney's office overhead and are reflected in the billing rate." *Hagan v. MRS Assocs., Inc.*, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, M.J.) (citing *Jane L. v. Bangerter*, 61

6

F.3d 1505, 1517 (10th Cir. 1995)); *In re North*, 59 F.3d 184, 195 (D.C. Cir. 1995) (additional citations omitted). It is well established that "when an attorney performs a task that could be handled by clerical staff, the opponent should not be charged the attorney's hourly rate. *Kuperman v. ICF International*, 2009 Wl 10737138 (October 13, 2009).

In this instance, billing by the paralegal for filing a matter electronically with the Court, is clerical, and an administrative matter. Therefore, it is not reasonable, and should be disallowed. Thus, the December 13, 2022, entry of (0.15) and December 29, 2022, entry of (0.10) for a total of 0.25 will be disallowed.

**2.  Meet and Confer Time**

The Court also notes that two attorneys are billing for conferencing with the other attorney. This billing is excessive as only one attorney should bill for the conversation. Also, it appears that in several instances there were duplicate billings for meetings on the same subject. As a result, the Court finds that the entries dated November 21, 2022 (0.10), and December 12, 2022 (0.10) will be disallowed. The Court notes further that 0.40 were removed from Westermeier's billing in exercising billing judgment.

**3.  Research**

Westermeier billed 1.00 hours for reviewing cases cited by Defendants. However, a review of the Defendants' opposition indicates that there are only four cases cited which should not have taken an hour to review. The research time is reduced to 0.50 hours. Therefore, the reasonable hours charged by Westermeier total 13.15 hours.

V.  **Lodestar Calculation**

| Attorney | Reasonable Hourly Rate | Hours Billed | Reasonable Hours | Lodestar Amount |
|---|---|---|---|---|
| **DeReus** | **$250** | 8.20 | 8.20 | **$2,050.00** |
| **Westermeier** | **$200** | 13.85 | 13.15 | **$2,630.00** |
| **Paralegal** | **$75** | 1.40 | 0.35[3] | **$26.25** |
| | | | | **Total: $4,706.25** |

VI.  **Adjusting the *Lodestar***

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

---

[3] Bachemin exercised billing judgment and eliminated 0.80 hours of time for the paralegal. The Court also found that an additional 0.25 hours were not properly billed.

## VII. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiffs Motion to Fix Attorney's Fees (R. Doc. 31)** is **GRANTED**. The Defendants shall pay attorney's fees in the amount of Four Thousand Seven Hundred and Six Dollars and Twenty-Five Cents **($4,706.25).**

**IT IS FURTHER ORDERED** that the Defendants shall satisfy their obligation to the Plaintiff no later than **fourteen (14) days** from the issuance of this Order.

New Orleans, Louisiana, this 28th day of July 2023.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**